IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STACY LANE VANHORN, | ) | 4:03CV3336 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA STATE RACING COMMISSION, et al., | ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| DOUGLAS L. BRUNK, | ) | 4:03CV3378 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| NEBRASKA STATE RACING COMMISSION, et al., | ) ) ) | |
| Defendants. | ) | |

Defendants have filed a motion for reconsideration of my order entered on September 7, 2006 (filing 101 in 4:03CV3336; filing 59 in 4:03CV3378), insofar as it provided that these consolidated actions shall proceed against Dennis Oelschlager, Dennis P. Lee, Janell Beveridge, and Bob Volk, in their official capacities, for declaratory and injunctive relief. The motion for reconsideration will be denied.[1]

Defendants argue that I should have ordered the cases dismissed. The simple response to this argument is that the Court of Appeals' mandate did not direct this

---

[1] Also pending before the court is Defendants' motion for leave to file a reply brief out of time. That motion will be granted instanter.

result, but instead remanded these cases for proceedings consistent with the Court of Appeals' opinion. The opinion held that Oelschlager, Lee, Beveridge, and Volk are entitled to absolute, quasi-judicial immunity. Such immunity, however, only applies to individual capacity suits. See, e.g., Denton v. Bedinghaus, 40 Fed.Appx. 974, 979, 2002 WL 1611472, *5 (6th Cir. 2002) (county commissioners sued under §1983 could not claim quasi-judicial immunity in their official capacities). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment." Kentucky v. Graham, 473 U.S. 159, 167 (1985).

Defendants also argue that they are absolutely immune from suit for injunctive or declaratory relief because 42 U.S.C. § 1983 was amended in 1996 [2] to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Even assuming that this immunity provision applies to official-capacity lawsuits, I find no authority for the proposition that Defendants qualify as "judicial officers" simply because the Court of Appeals concluded that their actions "were functionally equivalent to those of judges and prosecutors." [3] See VanHorn v. Oelschlager, 457 F.3d 844, 848 (8th Cir.

---

[2] Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853. This amendment abrogated the Supreme Court's holding in Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."

[3] There are cases which hold that judicial employees and other persons whose duties are related to the judicial process are immune from suit for injunctive relief under § 1983, see Roth v. King, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (director of public defender service while serving on panel that devised system for appointment of attorneys under Criminal Justice Act), Gilbert v. Ferry, 298 F.Supp.2d 606, 612 (E.D.Mich. 2003) (state court administrator), Montero v. Travis, 171 F.3d 757, 761 (2nd Cir. 1999) (parole commissioner), but I have found no case which holds that

2006). As a matter of fact, the Court of Appeals has held recently that not even prosecutors are immune from suit for injunctive relief under § 1983. See Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530-31 (8th Cir. 2005) (also holding that state juvenile officer was not a "judicial officer"). See also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (prosecutors do not enjoy absolute immunity from declaratory and injunctive relief claims under § 1983).

I also find no support for Defendants claim that judicial officers cannot be sued for declaratory relief under § 1983. There is some authority to the contrary, however. See, e.g., Corliss v. O'Brien, 2006 WL 2686644, *3 (3rd Cir. Sep. 20, 2006) (the 1996 amendment does not alter case law regarding the availability of declaratory relief against judicial officers) (citing Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000); Haas v. Wisconsin, 109 Fed.Appx. 107, 114, n. 8, 2004 WL 1799360, *6 (7th Cir. 2004) (section 1983 still leaves room for claims for declaratory relief); Bolin, 225 F.3d at 1242 (the 1996 amendment limits the relief available from a judge to declaratory relief).

In conclusion, I find no error in my previous order. These consolidated actions shall proceed against Dennis Oelschlager, Dennis P. Lee, Janell Beveridge, and Bob Volk, in their official capacities, for declaratory and injunctive relief.

---

members or employees of a state agency that exercises quasi-judicial authority, such as the Nebraska State Racing Commission, qualify as "judicial officers." See also Willner v. Frey, 421 F.Supp.2d 913, 926 (E.D.Va. 2006) (declining to decide whether § 1983's extension of judicial immunity applies derivatively to court clerks); Hili v. Sciarrotta, 140 F.3d 210, 215 (2nd Cir. 1998) (stating that it is not clear from the language of the 1996 amendment or from the legislative history whether the new restriction on the granting of injunctive relief against "judicial officers" was meant to extend to other officials whose entitlement to absolute immunity from damages had been recognized in light of their roles in judicial proceedings; declining to decide whether probation officers are immune from injunctive relief in connection with their presentence report duties).

IT IS ORDERED that:

1. Defendants' motion for leave to file a reply brief out of time (filing 108 in 4:03CV3336; filing 68 in 4:03CV3378) is granted <u>instanter</u>.

2. Defendants' motion for reconsideration (filing 104 in 4:03CV3336; filing 64 in 4:03CV3378) is denied.

October 16, 2006.                    BY THE COURT:

                                                s/ *Richard G. Kopf*
                                                United States District Judge